UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NAIM R. COSTANDI, | Case No. 2:17-02019-JCM-PAL |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | (Am. Compl. – ECF No. 4) |
| Defendant. | |

This matter involves Plaintiff Naim R. Costandi's appeal and request for judicial review of the Acting Commissioner of Social Security, Defendant Nancy A. Berryhill's final decision denying his claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–33. Mr. Constandi has submitted an Amended Complaint (ECF No. 4) in accordance with the court's Screening Order (ECF No. 2) dismissing the original complaint with leave to amend. The Amended Complaint is referred to the undersigned for re-screening pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

After granting a request to proceed *in forma pauperis*, a federal court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) "applies to all *in forma pauperis* complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). For purposes of 28 U.S.C. § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more

than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Here, Mr. Constandi challenges a decision by the Social Security Administration ("SSA") denying his disability insurance benefits of the Act. *See* Am. Compl. (ECF No. 4) ¶ 3. To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (noting that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Although this showing need not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2015).

The Amended Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Upon review of the original complaint, the court determined that Mr. Constandi failed to state a claim upon which relief can be granted. *See* Screening Order (ECF No. 2). He did not state the nature of the disability or allege when it commenced. *Id*. Additionally, Constandi merely alleged that the Commissioner's decision to deny benefits was wrong but failed to indicate *why* the decision was wrong. *Id*. The court found that a complaint merely stating that the decision was wrong but failing to describe the underlying reasons was insufficient to satisfy Rule 8's pleading requirement. *Id*. (citing *Starr*, 652 F.3d at 1216).

The Amended Complaint alleges that Mr. Constandi has been disabled since March 1, 2014, through the decision date of January 13, 2017. *See* Am. Compl. (ECF No. 4) ¶ 5. The Administrative Law Judge ("ALJ") found Constandi to have the severe impairment of ischemic

heart disease. *Id*. ¶ 9(a). Despite his severe impairment, the ALJ found Constandi

> to have the residual functional capacity for medium work except he can lift 50 pounds occasionally and 25 pounds frequently he can stand for six hours out of an eight-hour workday; he can sit for six hours out of an eight-hour workday; he can occasionally climb ladders, ropes, or scaffold or crawl; he can frequently stoop, kneel, crouch, and climb ramps and stairs; and he must avoid concentrated exposure to extreme temperatures and hazards.

*Id*. ¶ 9(b). The ALJ further determined that Constandi could perform his past relevant work. *Id*. ¶ 9(c). Mr. Constandi alleges that the ALJ's decision lacks the support of substantial evidence in that the ALJ erred by improperly rejecting a consultative examiner's opinion, which precluded past relevant work and warranted a disability finding. *Id*. ¶ 9(d). The Amended Complaint contains sufficient allegations of underlying facts to give the Defendant fair notice of Mr. Constandi's disagreement with the SSA's final determination. The court therefore finds that his Amended Complaint states a claim for initial screening purposes.

Accordingly,

**IT IS ORDERED**:

1. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Amended Complaint (ECF No. 4) to the U.S. Marshal for service.

2. The Clerk of the Court shall also issue summons to the Commissioner of the Social Security Administration and Attorney General of the United States.

3. Mr. Constandi shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Amended Complaint by certified mail to: (1) Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

4. Following the Defendant's filing of an answer, the court will issue a scheduling order setting a briefing schedule.

5. From this point forward, Mr. Constandi shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or

| | |
|---|---|
| 1 | other document filed with the Clerk of the Court pursuant to LR IC 1-1 and 4-1 of the |
| 2 | Local Rules of Practice. In accordance with LR IC 4-1(d), the parties shall include |
| 3 | with each filing a certificate of service stating that a true and correct copy of the |
| 4 | document was served on an opposing party or counsel for an opposing party and |
| 5 | indicating how service was accomplished. The court may disregard any paper received |
| 6 | by a district judge or magistrate judge that has not been filed with the Clerk of the |
| 7 | Court, and any paper received by a district judge, magistrate judge, or the Clerk of the |
| 8 | Court that fails to include a certificate of service. |
| 9 | Dated this 3rd day of January, 2018. |

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE