**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| NAIM R. COSTANDI,<br><br>         Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>         Defendant. | Case No. 2:17-cv-02019-JCM-DJA<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Naim R. Costandi's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The Court has reviewed Plaintiff's Motion for Reversal or to Remand (ECF No. 20), filed August 16, 2018, and the Commissioner's Response and Cross-Motion to Affirm (ECF No. 21), filed September 11, 2018. Plaintiff did not file a Reply.

**I.     BACKGROUND**

**1.     Procedural History**

On March 4, 2014, Plaintiff protectively applied for disability insurance benefits, alleging an onset date of May 14, 2014. AR[1] 176-77. Plaintiff's claim was denied initially, and on reconsideration. AR 70-110. A hearing was held before an Administrative Law Judge ("ALJ") on October 24, 2016. AR 40-69. On January 13, 2017, the ALJ issued a decision denying Plaintiff's claim. AR 25-34. The ALJ's decision became the Commissioner's final decision

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 14).)

when the Appeals Council denied review, on May 27, 2017. AR 1-7. Plaintiff, on July 25, 2017, commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Motion/Application for Leave to Proceed *in forma pauperis*. (ECF No. 1).)

**2.    The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520. AR 25-34. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of March 1, 2014 through the date of the decision. AR 27. At step two, the ALJ found that Plaintiff had a medically determinable "severe" impairment of ischemic heart disease and non-severe impairment of diabetes mellitus. *Id.* at 27-28. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 28. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except: he can lift 50 pounds occasionally and 25 pounds frequently; sit and stand for six hours in an eight hour workday; occasionally climb ladders, ropes, or scaffold or crawl; frequently stoop, kneel, crouch, and climb ramps and stairs; and he must avoid concentrated exposure to extreme temperatures and hazards. AR 28. The ALJ found that Plaintiff is capable of performing his past relevant work as a cook and linen room attendant as the positions are actually and normally performed. He could also perform work as a porter as he performed it but not as the position was performed per the dictionary of occupational titles ("DOT"). This work does not require the performance of work-related activities precluded by the claimant's RFC. AR 32-33. The ALJ also made an alternative finding at step five. He found that Plaintiff is capable of performing other work, such as laborer, knock-off assembler, and hand packer. AR 33-34. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from March 1, 2014, through the date of the decision. AR 34.

///

///

///

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.

*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If

the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.     Analysis**

    **a.     Whether the ALJ Properly Weighed the Opinion Evidence**

The ALJ determined that the opinion of consultative examiner Wenceslao A. Cabaluna, M.D. that Plaintiff was capable of performing a range of light-exertion work was entitled to less weight because it was overly restrictive given the mild objective findings. AR 31-32. She highlighted the minimal complaints in the medical record, advice from Plaintiff's cardiologist

advising him to engage in aerobic activity for 30 minutes, three to four times per week, which contradicted Plaintiff's alleged limits in daily activities, and as of November 2015, Plaintiff only required annual cardiac follow-up treatment. AR 32. Plaintiff argues that the ALJ's determination that the consultative examiner's opinion should be afforded less weight than the State agency reviewing physician who opined that Plaintiff is capable of performing a range of medium-exertion work is not supported by substantial evidence because the consultative examiner had the benefit of examining Plaintiff along with reviewing all of the medical records not available to the State agency reviewing physician at the time. (ECF No. 20, 5-6). Plaintiff also argues that the ALJ's conclusion that there were mild objective findings was not sufficiently supported by an explanation with reference to the medical files and Dr. Cabaluna's opinion was not more restrictive than Plaintiff's self-report of the limitations in his daily activities. (*Id.* at 6-9). The Commissioner responds that the ALJ properly determined that Dr. Cabaluna's opinion was entitled to less weight by providing specific and legitimate reasons, supported by substantial evidence. (ECF No. 21, 5-7). For instance, the opinion was not supported by the unremarkable physical examination findings, essentially normal treadmill stress test, and Plaintiff's subjective statements were less than fully reliable. (*Id.*).

In deciding how much weight to give a medical opinion, the ALJ considers factors including, e.g., the treating or examining relationship of the opinion's source and the claimant; how well the opinion is supported; and how consistent the opinion is with the record as a whole. See 20 C.F.R. § 404.1527(c). In evaluating medical opinions, the ALJ must provide "clear and convincing" reasons supported by substantial evidence for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995).

In her decision, the ALJ extensively discussed Plaintiff's medical records, and the consultative examiner's opinion that assessed Plaintiff with a light level of exertion restriction. AR 29-32. She gave less weight to Dr. Cabaluna's opinion because the "assessment is overly restrictive given the mild objective findings." AR 32. Plaintiff criticizes the ALJ's assessment of the medical findings, but the regulations specifically charge ALJs with making findings about what the evidence shows. *See* 20 C.F.R. § 404.1520b ("After we review all of the evidence

relevant to your claim…, we make findings about what the evidence shows."). Here, the ALJ noted that while Plaintiff has a history of coronary artery disease, the medical records show "minimal complaints" since the alleged onset date, with only an annual follow-up treatment since November 2015. AR 32. Indeed, the ALJ summarized that there is no evidence of any ongoing cardiac difficulties with the November 2015 stress test revealing no electrocardiogram evidence of ischemic heart disease and the scan was negative for myocardial ischemia. *Id*. She also considered the State agency physician's opinion obtained at the reconsideration level that the ALJ accorded great weight as she found it to be consistent with the medical evidence of record as a whole that documents "minimal and conservative care following a myocardial infarction and stent placement." *Id*. In light of the entirety of the medical record, the Court finds that the ALJ adequately weighed the opinion of the consultative examiner in assessing it less weight and provided clear and convincing reasons with reference to the medical record.

As for the ALJ assigning Dr. Cabaluna's opinion less weight than the nonexamining State agency physician, the Court is not persuaded by Plaintiff's argument that because the nonexamining physician did not have the benefit of reviewing the entirety of the medical record, the ALJ's assessment was erroneous. While "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician;" such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. *Lester*, 81 F.3d at 830-31. Here, the ALJ went through the entirety of the medical record and found it more consistent with the nonexamining physician's opinion. As a result, Dr. Cabaluna's opinion was not uncontroverted; instead, the record as a whole is more consistent with the medium-level of exertion opinion asserted by the nonexamining physician.

Further, the self-limiting by Plaintiff in his daily activities was rejected by the ALJ due to inconsistencies in the medical record. Plaintiff does not challenge the ALJ's credibility assessment; his argument is that Dr. Cabaluna's opinion was not more restrictive than Plaintiff's self-report. The ALJ's findings are entitled to deference. *See Lewis v. Astruethe*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the

decision of the ALJ must be upheld."). The ALJ noted the recommendation for exercise for 30 minutes, 3 to 4 times per week, were not consistent with Plaintiff's self-report of his daily activity limitations. It was not reversible error to discount Plaintiff's self-reported limitations in light of the rest of the record. The Court therefore finds that the ALJ properly gave "clear and convincing" reasons supported by substantial evidence for affording less weight to the opinion of consultative examiner Dr. Cabaluna. The ALJ's decision is supported by substantial evidence and free from reversible legal error.

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Remand (ECF No. 20) be denied.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 21) be granted.

### IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 31, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE